UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE TORRES,

                            Plaintiff,

                    v.

APPELLATE INNOVATIONS LLC, *et al.*,

                            Defendant.

No. 19-CV-4716 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On May 22, 2019, Plaintiff filed his Complaint in this Action, (Dkt. No. 1), and

Defendants filed an Answer on July 11, 2019, (Dkt. No. 11).  On April 28, 2020, former counsel

for Plaintiff requested an adjournment of a previously-scheduled initial conference, representing

that counsel had "lost contact with Plaintiff," and requesting two weeks to continue to attempt to

contact him.  (Dkt. No. 15.)  According to counsel, Plaintiff failed to respond to an e-mail sent

on November 11, 2019 and a letter mailed on December 17, 2019.  (*Id.*)  Counsel also called

Plaintiff "numerous times," but his phone number had been disconnected.  (*Id.*)  Counsel

attempted to mail Plaintiff a package via Federal Express on March 19, 2020, but was unable to

do so because Federal Express would not deliver to the post office box address that counsel had

on file for Plaintiff, and Plaintiff again failed to respond to an e-mail sent by counsel on April 27,

2020.  (*Id.*)  The Court granted counsel's request for an adjournment and directed him to provide

an update on his efforts to reach Plaintiff by May 14, 2020.  (Dkt. No. 16.)  On May 14, 2020,

counsel informed the Court that Plaintiff had failed to respond to a letter sent on April 28, 2020,

as well as e-mails sent on April 30 and May 11, 2020.  (Dkt. No. 18.)  Further, Plaintiff's phone

number remained out of service.  (*Id.*)  As such, counsel for Plaintiff sought leave to file a

Motion To Withdraw (the "Motion").  (*Id.*)  On May 15, 2020, Defendants filed a letter

proposing that the Motion be filed by May 22, 2020 and that Plaintiff be ordered to respond by

June 5, 2020.  (Dkt. No. 19.)  Defendants also requested that the Court close the case in the event

that Plaintiff failed to respond.  (*Id.*)  The Court approved Defendants' proposed schedule via

memo endorsement, and directed counsel to send a copy of the memo endorsement to Plaintiff.

(Dkt. No. 20.)  Counsel for Plaintiff certified that he did so on May 18, 2020, and filed the

Motion on May 22, 2020.  (Dkt. Nos. 21–24.)  The Court directed Plaintiff to respond by June

12, 2020.  (Dkt. No. 25.)  When Plaintiff failed to do so, the Court granted counsel's Motion via

memo endorsement on June 16, 2020.  (Dkt. No. 28.)  The Court instructed counsel to mail a

copy of the memo endorsement to Plaintiff's last known address and to notify Plaintiff that he

must inform the Court by July 28, 2020 whether he intended to retain new counsel or represent

himself, indicating that "[f]ailure to do so could result in dismissal."  (*Id.*)  Counsel for Plaintiff

confirmed that the Court's memo endorsement was mailed to Plaintiff on June 23, 2020, (Dkt.

No. 29), and when Plaintiff again failed to respond, Defendants filed a letter on July 29, 2020

requesting that the Court dismiss this Action for failure to prosecute, (Dkt. No. 30).  On July 30,

2020, the Court issued an Order To Show Cause, directing Plaintiff to show cause by August 30,

2020, as to why the case should not be dismissed for failure to prosecute.  (Dkt. No. 31.)

Defendants confirmed that this Order was mailed to Plaintiff by certified mail, return receipt

requested, on the same day.  (Dkt. No. 32.)  Plaintiff failed to respond to the Order and has not

otherwise corresponded with the Court.  Accordingly, the Court now dismisses the Action for

failure to prosecute.

        This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P.

41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be

involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court

order."  Although Rule 41(b) expressly addresses a situation in which a defendant moves to

dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute *sua sponte*.  *See LeSane v. Hall's Sec. Analyst, Inc.*,

239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts,

*see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second

Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme

situations," *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland

Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to

invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs

and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell

Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district

court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice
> that further delays would result in dismissal, [3] whether the defendant is likely to
> be prejudiced by further delay, [4] whether the district judge has take[n] care to
> strik[e] the balance between alleviating court calendar congestion and protecting a
> party's right to due process and a fair chance to be heard . . . and [5] whether the
> judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16,

2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive.

*See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action.  The

Court has directed Plaintiff to respond to various memo endorsements and Orders on three

separate occasions.  (Dkt. Nos. 25, 28, 31.)  Further, on June 26, 2020, the Court informed

3

Plaintiff that failure to notify the Court whether he intended to obtain new counsel or represent himself "could result in dismissal." (Dkt. No. 28.) On August 30, 2020, the Court again informed Plaintiff that if he failed to respond to the Order to Show Cause, the case may be dismissed for failure to prosecute. (Dkt. No. 31.) The Court's various memo endorsements and the Order To Show Cause have all been mailed to Plaintiff. (Dkt. Nos. 21, 26, 29, 32.)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months).

4

The Clerk of Court is respectfully directed to close this case.  Counsel for Defendants is

directed to mail a copy of this Order to Plaintiff and to certify on the docket that she did so by

September 15, 2020.

SO ORDERED.

Dated:   September 10, 2020
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge